IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| DRAIN MAURICE SHORT, a/k/a DWAYNE ANYTHONY SHORTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-16-319 |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In response to the above-titled civil rights complaint against Defendants Wexford Health Sources, Inc., and Warden J. Phillip Morgan ("Morgan"), Defendant Wexford Health Sources filed a Motion to Dismiss, ECF No. 12, and Defendant Morgan filed a Motion to Dismiss, or in the alternative, for Summary Judgment, ECF No. 13. Plaintiff filed a Motion for Extension of Time to Respond, ECF No. 16, to the dispositive motions prior to filing his Opposition Response, ECF No. 19. The Court finds a hearing in this matter unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). Plaintiff's Motion for Extension of Time shall be granted. For the reasons stated below, Defendants' motions shall be construed as Motions to Dismiss[1] and shall be granted.

Plaintiff filed two Motions to Appoint Counsel. ECF No. 6; ECF No. 17. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See*

---

[1] The Court finds no need to rely upon evidence outside of the pleadings filed; therefore, the applicable standard for review is governed by Fed. R. Civ. P. 12(b)(6).

*Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Upon careful consideration of the motions and previous filings by Plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. No hearing is necessary to the disposition of this case, and there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). Moreover, the claim asserted does not warrant encouragement for further litigation or development of the record. Plaintiff's Motions, ECF No. 6 and ECF No. 17, shall be denied.

## I. BACKGROUND

### A. Short's Allegations

Plaintiff Drain Short, an inmate incarcerated in the Maryland Division of Correction and confined at Maryland Correctional Training Center ("MCTC"), alleges he is being denied medical treatment for sleep apnea.[2] ECF No. 1 at 4.[3] Short claims that in October or November of 2012, unnamed medical staff refused to treat him for sleep apnea. *Id.* He alleges that despite filing an inmate grievance in an effort to receive medical care, he was denied care on June 19, 2013. *Id.*

Short states that he was seen by "PA. Richard" on August 11, 2013, for sleep apnea and claims Richard told him that "his boss said not to make [an] appoint[ment] for me." *Id.* He further alleges that he was sent to another "institution" ten months later where a sleep study was done by Watermark Medical on June 5, 2014. *Id.* The next day, Short returned to MCTC where

---

[2] "Sleep apnea is a common sleep disorder characterized by brief interruptions of breathing during sleep. These episodes usually last 10 seconds or more and occur repeatedly throughout the night. People with sleep apnea will partially awaken as they struggle to breathe, but in the morning they will not be aware of the disturbances in their sleep." National Institute of Neurological Disorders and Stroke, *Sleep Apnea Information Page*, NIH, https://www.ninds.nih.gov/Disorders/All-Disorders/Sleep-Apnea-Information-Page (last visited February 2, 2017).
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

he was seen by Dr. Nimely Contal. *Id.* He claims that Dr. Contal informed him that the results of the sleep study indicated that he does not have sleep apnea. ECF No. 1 at 4.

Short states that he reviewed his medical files for the first time on January 7, 2016, and reviewed a copy of the sleep study report. *Id.* Short claims that the report indicates that he does have sleep apnea, contrary to what Dr. Contal told him. *Id.* Short concludes that the medical staff has refused to treat this serious medical condition for over two years, endangering his health and life in violation of the Eighth Amendment. ECF No. 1 at 4.

### B. Defendants' Response

Defendant Wexford Health Sources, Inc., moves to dismiss the complaint stating that it has been named as a defendant based on a theory of respondeat superior which has no applicability in a suit filed under 42 U.S.C. §1983. ECF No. 12 ¶ 2. Thus, the Defendant claims it is otherwise entitled to qualified immunity because its employees did not violate Short's clearly established statutory or constitutional rights. ECF No. 12 ¶ 3.

Defendant J. Phillip Morgan, who is the warden at MCTC, moves to dismiss the complaint or for summary judgment because no facts are alleged against Morgan; the medical care provided was not constitutionally deficient; and Morgan has not violated any of Short's clearly established statutory or constitutional rights. ECF 13-1 at 5–10.

## II. STANDARD OF REVIEW

In considering a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs. Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of

the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) ("once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'").

## III. DISCUSSION

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Thus, liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Short has failed to allege that either Wexford or Warden Morgan had actual or constructive knowledge that the medical staff has exhibited a reckless disregard for a serious medical need in his case. Wexford, the corporate entity that is contracted by the state of Maryland to provide medical care to prisoners incarcerated in the state of Maryland, cannot be held liable for actions by its employees that do not amount to a constitutional violation. Short has not alleged that Wexford has in place a rule or policy that prohibits its employees from treating a known serious medical condition in his case; rather, he simply seeks to impose liability on Wexford on a theory of respondeat superior. Short relies on Warden Morgan's dismissal of an

5

administrative remedy complaint regarding his allegation that he has sleep apnea that is not being treated. Thus, Short's claim against Morgan is likewise deficient, as it is also an attempt to impose liability on a theory of respondeat superior. The Defendants named are not liable under such a theory, and even if Short had named parties more directly involved in the delivery of medical care, the complaint fails.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it . . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences . . . . To lower this threshold would thrust federal courts into the daily practices of local police departments." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there

is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflictor . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F.3d 383, 390 (4th Cir. 2000) (citing *Liebe v. Norton*, 157 F.3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

In his Opposition, Short maintains that Wexford and Warden Morgan have withheld documents that would establish that he was diagnosed with sleep apnea — referencing the June 5, 2014 sleep study report, and his administrative remedy complaint that was found by the commissioner of correction to have been improperly dismissed by the warden. ECF No. 19 at 1; ECF No. 19-1 at 1. The sleep study report referenced by Short was filed with the complaint and again with his Motion for Extension of Time and Opposition Response. ECF No. 1-1 at 3–4; ECF No. 16-1 at 2–3; ECF No. 19-1 at 2–3. While the sleep study indicates that Short had a "high pre-test probability of having severe [obstructive sleep apnea]," the test results also

indicate that "[c]linically significant sleep disordered breathing is not identified." ECF No. 1-1 at 3. The physician who reviewed the study noted that there was "insufficient supine study time to assess the severity of positional obstructive sleep apnea" and recommended consideration of "further clinical evaluation . . . if the patient continues to have further sleep issues and still has excessive daytime sleepiness." *Id.* Short's reliance on the sleep study findings as a basis for concluding that he has a serious medical condition that medical care providers are refusing to treat is thus misplaced. There is nothing in the sleep study report indicating that Short has sleep apnea. Hence, even if Short had named appropriate Defendants, he has failed to establish that he has an objectively serious medical need requiring treatment. The complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Appoint Counsel, ECF No. 6 and ECF No. 17, are denied. Plaintiff's Motion for Extension of Time, ECF No. 16, is granted. Defendant Wexford's Motion to Dismiss, ECF No. 12, and Defendant Morgan's Motion to Dismiss or for Summary Judgment, ECF No. 13, are granted. A separate Order shall issue.

2/3/2017
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE